1
2
3
4

Penny L. Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Telephone (480) 833-1001

5

[Additional counsel appearing on signature page]

6

*Attorneys for Plaintiff* SIDNEY NAIMAN
and the Class

7
8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

9

10

**Sidney Naiman,** individually and on
behalf of all others similarly situated,

11

Plaintiff,

Case No.

12

v.

13

**Alle Processing Corp.,** a New York
Corporation,

**JURY TRIAL DEMANDED**

14

15

Defendants.

16

17

## CLASS ACTION COMPLAINT
## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

18

19

Plaintiff Sidney Naiman ("Plaintiff" or "Naiman") brings this Class Action

20

Complaint and Demand for Jury Trial ("Complaint") against Defendant Alle

21

22

Processing Corp. ("Defendant" or "Alle") to stop Defendant's practice of selling

23

food products with inaccurate Nutrition Facts labels and to obtain redress for all

24

persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon

25

26

personal knowledge as to himself and his own acts and experiences, and, as to all

27

28

1

1  other matters, upon information and belief, including investigation conducted by his

2  attorneys.

## NATURE OF THE ACTION

1.     Defendant Alle Processing Corp. is a food manufacturer based in Queens, New York.

2.     One of Defendant's food products is its Mon Cuisine brand frozen meals.

3.     Defendant formulated, manufactured, warranted, advertised, and sold its Mon Cuisine frozen meals through the United States.

4.     Unfortunately for consumers, who rely upon Defendant's advertising and product label claims in deciding to purchase Defendant's food products, the packaging of Defendant's Mon Cuisine frozen meals do not contain accurate Nutrition Facts label statements.

5.     Specifically, Defendant's Nutrition Facts label statements on the packaging of its Mon Cuisine frozen meals significantly understate the calories, fat content, cholesterol, sodium, and carbohydrates in a serving as well the Daily Reference Value ("DRV").

6.     This is because Defendant's Nutrition Facts statements inaccurately state that there is only one 10 oz. serving in each container, when in reality the containers contain 40 oz. of food.

7.     In other words, each of Defendant's Nutrition Facts statements are misrepresented by one-fourth—i.e., a Mon Cuisine package that states there is only 260 calories in a serving and therefore in a container is inaccurate because there are 1,040 calories in the container.

8.     Defendant's mislabeling of key nutritional information is so substantial and deviates well beyond the bounds of any margin of error, that had Plaintiff and members of the Class known of the true nutritional value of Defendant's Mon Cuisine products, they would not have purchased the product.

9.     Defendant had no reasonable basis to believe that the Nutrition Fact statements on its labels were accurate and therefore knew, or should have known, that the labeling on its Mon Cuisine meals was deceptive, misleading, and failed to comply with applicable laws and regulations. Nevertheless, Defendant continues to advertise, distribute, label, market, and sell its Mon Cuisine meals.

10.     As a result of Defendant's unlawful and deceptive conduct, Plaintiff Naiman and the members of the alleged Class seek actual and statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorneys' fees.

## PARTIES

11.     Plaintiff Naiman is a natural person and citizen of the State of Arizona.

12.     Defendant Alle Processing Corp. is a corporation organized and existing under the laws of the State of New York with headquarters located at 5620

3

59th Street, Maspeth, New York 11378. Defendant conducts business throughout the State of New York and this District.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

14.     This Court has personal jurisdiction over Alle because it conducts significant amounts of business transactions within this District, and the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because both Plaintiff resides in this District and the causes of action arose, in substantial part, in this District.

## COMMON FACTUAL ALLEGATIONS

16.     The FDA is responsible for assuring that foods sold in the United States are properly labeled.

17.     The Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301, *et seq.*, and the Fair Packaging and Labeling Act ("FPLA") are the federal statutes

4

governing food products under the FDA's purview.

18.    The National Labeling and Education Act ("NLEA"), which amended the FDCA, requires most food to bear food labels and requires that the labels contain nutrient content claims that comply with federally-mandated requirements.

19.    Defendant's Mon Cuisine meals constitutes a food as that term is defined under federal law and thus must comply with the FDCA's requirements, as well as complying with the related FDA regulations codified at 21 C.F.R. § 101.9.

20.    Defendant's misleading statements on its labels render its Mon Cuisine meals misbranded as that term is defined in 21 U.S.C. § 343, *et. seq.*

## FACTS SPECIFIC TO PLAINTIFF NAIMAN

21.    Plaintiff Naiman fell victim to Defendant's mislabeled Mon Cuisine meals.

22.    Naiman purchased one of Defendant's Mon Cuisine meals (the "Beef Stuffed Cabbage" variety) on April 14, 2020 at a Costco store located at 4570 East Cactus Road, Phoenix, AZ 85032.

23.    Naiman purchased Defendant's Mon Cuisine meal for his own consumption.

24.    Naiman purchased Defendant's product in part based on the aforementioned misrepresentations concerning the product's nutrient content.

25. Plaintiff would not have purchased and consumed the product had she known the truth about the product's nutrient content.

26. Below are photographs of the Mon Cuisine meal purchased by Plaintiff:





27.     Naiman is a member of the alleged Class pleaded herein, who all

purchased Defendant's Mon Cuisine products during the relevant time period.

28.     Naiman and the other members of the Class were misled by

Defendant's misrepresentations and would not have purchased the products if they

had not been deceived by the inaccurate nutrient label.

7

1

## CLASS ALLEGATIONS

2

29.    Plaintiff Naiman brings this action pursuant to Federal Rule of Civil

3

4

Procedure 23(a), (b)(2), and (b)(3) on behalf of herself and two classes defined as

5

follows:

6

**Mon Cuisine Purchaser Class**: All persons in the United States who

7

from the beginning of any applicable statutory limitations period
through the present purchased Defendant's Mon Cuisine product where

8

the nutrient label on the packaging of the product misrepresented the

9

nutritional content contained in the container.

10

11

30.    The following people are excluded from the Class: any Judge or

12

Magistrate presiding over this action and members of their families; (2) Defendant,

13

Defendant's subsidiaries, parents, successors, predecessors, and any entity in which

14

15

the Defendant or its parents have a controlling interest and its current or former

16

employees, officers and directors; (3) persons who properly execute and file a

17

timely request for exclusion from the Classes; (4) persons whose claims in this

18

19

matter have been finally adjudicated on the merits or otherwise released; (5)

20

Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives,

21

successors, and assigns of any such excluded persons. Plaintiff anticipates the

22

23

potential need to amend the Class Definition following the completion of class

24

discovery regarding the size and scope of the Class.

25

31.    **Numerosity**: The exact size of the Class is unknown and not available

26

27

to Plaintiff at this time, but individual joinder is impracticable. On information and

28

8

belief, there are  hundreds or thousands of consumers who purchased Defendant's

Sous-Vide Oatmeal Bites and who fall into the definition of the Class. Members of

the Classes can be easily identified through Defendant's records and by reference to

objective criteria.

32.    **Commonality**: There are several questions of law and fact common to

the claims of Plaintiff and the Class on which every class member's claim will

either succeed or fail, and which will be proven using common evidence. Such

common questions for the Class include, without limitation:

(a)    Whether the product was mislabeled;

(b)    Whether the Nutritional Facts label on the product is accurate;

(c)    Whether Defendant violated federal labeling requirements;

(d)    Whether Defendant breached express warranties to Plaintiff and

Members of the Class;

(e)    Whether Defendant was unjustly enriched at the expense of

Plaintiff and the Class; and

(f)    Whether Plaintiff and the Class are entitled to injunctive relief.

33.    **Typicality**: Plaintiff's claims are typical of the claims of the other

members of the Class. Plaintiff is a member of the Class, and if Defendant's

labeling violated the law as it relates to Plaintiff then it violated the law as it relates

to other Class members. Plaintiff and the Classes sustained damages as a result of

Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

34.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

35.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as respective wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Classes as respective wholes. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as respective wholes, not on facts or law applicable only to Plaintiff.

36.     **Predominance:** The common questions of law and fact set forth above predominate over any individual issues.

37.     **Superiority and Manageability**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder

of all parties is impracticable. The damages suffered by the individual members of

the Class will likely be relatively small, especially given the burden and expense of

individual prosecution of the complex litigation necessitated by Defendant's

actions. Thus, it would be virtually impossible for the individual members of the

Class to obtain effective relief from Defendant's misconduct. Even if members of

the Class could sustain such individual litigation, it would still not be preferable to a

class action, because individual litigation would increase the delay and expense to

all parties due to the complex legal and factual controversies presented in this

Complaint. By contrast, a class action presents far fewer management difficulties

and provides the benefits of single adjudication, economy of scale, and

comprehensive supervision by a single court. Economies of time, effort and expense

will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Breach of Express Warranties
### (On behalf of Plaintiff and the Class)

37.    Plaintiff incorporates the foregoing allegations as if fully set forth

herein.

38.    Defendant made express warranties and representations in respect to

the Mon Cuisine nutrient content, namely the number of servings contained in the

package.

39.    Defendant's labeling on its Mon Cuisine packaging were made directly

1  to consumers and end purchasers of the product, constitute express warranties, and

2  became part of the basis of the bargain between the Parties.

3
4  40.    Thus, a collective "express warranty" was created that the Mon

5  Cuisine meals would conform to Defendant's affirmations and promises.

6  41.    Defendant breached express warranties about its Mon Cuisine meals

7
8  because Defendant's statements about the product were false and the product

9  doesn't conform to Defendant's affirmations and promises, as described above.

10  42.    Defendant's conduct constitutes a breach of express warranties under

11
12  UCC 2-313, as adopted by the follow state statutes:

13    Ala. Code § 7-2-313, et seq.; Alaska Stat. § 45.02.313, et seq.; Ariz.
      Rev. Stat. § 47-2313, et seq.; Ark. Code § 4-2-313, et seq.; Cal. Com.
14    Code § 2313, et seq.; Colo. Rev. Stat. § 4-2-313, et seq.; Conn. Gen.
15    Stat. § 42a-2-313, et seq.; 6 Del. C. § 2-313, et seq.; D.C. Code § 28:2-
      313, et seq.; Fla. Stat. § 672.313, et seq.; O.C.G.A. § 11-2-313, et seq.;
16    Haw. Rev. Stat. § 490:2-313, et seq.; Idaho Code § 28-2-313, et seq.;
17    810 Ill. Comp. Stat. 5/2-313, et seq.; Ind. Code § 26-1-2-313, et seq.;
      Iowa Code § 554.2313, et seq.; Kan. Stat. § 84-2-313, et seq.; Ky. Rev.
18    Stat. § 355.2-313, et seq.; La. Rev. Stat § 9:2800.53(6) , et seq.; 11
19    M.R.S.A. § 2-313, et seq.; Md. Code Ann., Com. Law § 2-313, et seq.;
      Mass. Code 106, § 2-313, et seq.; Mich. Comp. Laws 440.2313, et
20    seq.; Minn. Stat. § 336.2-313, et seq.; Miss. Code § 75-2-313, et seq.;
21    Mo. Rev. Stat. § 400.2-313, et seq.; Mont. Code § 30-2-313, et seq.;
      Neb. U.C.C. § 2-313, et seq.; Nev. Rev. Stat. § 104.2313, et seq.; N.H.
22    Rev. Stat. § 382-A:2-313, et seq.; N.J. Stat. § 12A:2-313, et seq.; N.M.
23    Stat. § 55-2-313, et seq.; N.Y. U.C.C. § 2-313, et seq.; N.C. Gen. Stat.
      § 25-2-313, et seq.; N.D. Cent. Code § 41-02-30, et seq.; Ohio Rev.
24    Code § 1302.26, et seq.; Okla. Stat. Tit. 12A, § 2-313, et seq.; Or. Rev.
25    Stat. § 72.3130, et seq.; 13 Pa. Cons. Stat. § 2313, et seq.; R.I. Gen.
      Laws § 6A-2-313, et seq.; S.C. Code § 36-2-313, et seq.; S.D. Codified
26    Laws § 57A-2-313, et seq.; Tenn. Code § 47-2- 313, et seq.; Tex. Bus.
27    & Com. Code § 17.50; V.T.C.A., Bus. & C. § 2.313, et seq.; Utah

28

Code § 70A-2-313, et seq.; Vt. Stat. Tit. 9A, § 2-313, et seq.; Va. Code § 8.2-313, et seq.; Wash. Rev. Code § 62A.2-313, et seq.; W. Va. Code § 46-2-313, et seq.; Wis. Stat. § 402.313, et seq.; and Wyo. Stat. § 34.1-2-313, et seq.

43.    As a result of Defendant's breach of warranty, Plaintiff and the Class have suffered actual damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Unjust Enrichment
### (On behalf of Plaintiff and the Class)

44.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45.    Plaintiff and the other members of the Class conferred benefits on Defendant by purchasing its Mon Cuisine meals.

46.    Defendant has been unjustly enriched in retaining the revenues derived from the purchases of the Mon Cuisine meals by Plaintiff and the Class.

47.    Retention of those monies under these circumstances is unjust and inequitable because Defendant's labeling of the product was misleading to consumers, which caused damages to Plaintiff and the Class because they would not have purchased the product (or would have paid less for the product) had they known the true nutrient facts.

48.    Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and the Class is unjust and inequitable, Defendant must pay

restitution to Plaintiff and the Class, as Ordered by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sid Naiman, individually and on behalf of the Class, prays for the following relief:

1.     An order certifying the Class as defined above, appointing Plaintiff Sid Naiman as the representative of the Class and appointing his counsel as Class Counsel;

2.     A declaratory judgment declaring that Defendant's conduct violates federal labeling requirements,

3.     An award of actual monetary loss from such violations to be paid into a common fund for the benefit of the Plaintiff and the other Class Members;

4.     An injunction requiring Defendant and its agents to cease selling mislabeled products, and otherwise protecting the interests of the Classes;

5.     An award of reasonable attorneys' fees and costs to be paid from the common fund; and

6.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.


Respectfully submitted,

14

Dated: May 18, 2020

**SID NAIMAN**, individually and on behalf of all others similarly situated,


By: /s/      Penny L. Koepke
One of Plaintiff's Attorneys

Penny L. Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Telephone (480) 833-1001

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Stephen A. Klein*
sklein@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

* *Pro Hac Vice* admission to be sought